# Court of Appeals
# of the State of Georgia

ATLANTA,  August 11, 2025

*The Court of Appeals hereby passes the following order:*

**A26E0014.  SBORTE SHYDEQUIOUS T. CLAY v. RALPH BAILEY, JR, IN HIS OFFICIAL CAPACITY AS JUDGE OF THE STATE COURT OF HENRY COUNTY, GEORGIA.**

Sborte Shydequioust T. Clay, proceeding pro se,[1] has petitioned this Court for a writ of mandamus ordering the Hon. Ralph Bailey, Jr., in his official capacity as a judge of the State Court of Henry County, Georgia to restrain "from proceeding to trial, issuing warrants, or remanding [Clay] into custody without resolving" Clay's jurisdictional objections made by motion below.

Georgia's appellate courts have jurisdiction to issue writs of mandamus, but as our Supreme Court recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against . . . trial court officials."[2] There is no indication in Clay's filing that he has filed a petition seeking such relief in a superior court.

---

[1] Clay's petition states that he is not proceeding pro se, but no attorney has entered an appearance in this matter.

[2] (Citation omitted.) *Arnold v. Alexander*, 321 Ga. 330, 335 (1) n.6 (914 SE2d 311) (2025).

Until Clay has obtained a ruling from the superior court, there is no basis for this Court to exercise its jurisdiction.[3] This petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  08/11/2025                   *

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[3] See *Arnold*, 321 Ga. at 355 (1) n.6; Court of Appeals Rule 40 (c) (this Court's mandamus jurisdiction is narrow and will be exercised sparingly as may be necessary in aid of our jurisdiction or to protect of effectuate our judgments).